**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERICK R. CHAPMON,** | ) | **CASE NO. 1:17 CV 0680** |
| | ) | |
| Petitioner, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN S. MERLAK,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Erick R. Chapmon filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Federal Correctional Institution, having pled guilty in the United States District Court for the Northern District of Ohio in 2003 to one count of bank robbery by force of violence in violation of 18 U.S.C. § 2113(a)(d), and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was originally sentenced to 210 months incarceration; however, the United States Sixth Circuit Court of Appeals vacated his sentence after finding the District Court erred in sentencing Petitioner to a mandatory guidelines regime which was invalidated by *United States v. Booker*, 543 U.S. 220 (2005). He was resentenced to a term of 180 months incarceration. *See United States v. Chapmon*, No. 1:03 cr 106 (N.D. Ohio Jan. 7, 2004)(Economus, J.). Petitioner filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255 claiming his sentence was wrongfully enhanced under *Johnson*

*v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015).[1] The Government filed a response, asking the Court to stay its decision on the Motion pending the Supreme Court's decision in *Beckles v. United States* which would determine whether *Johnson* was retroactive to collateral attacks, such as a § 2255 Motion. Petitioner voluntarily dismissed his Motion and filed the within Petition under §2241 asserting the same challenge to his sentence under *Johnson*. For the reasons stated below, this Petition is dismissed.

### Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

---

[1] *Johnson* held that the residual clause contained in 18 U.S.C. § 924(e)(2)(B) is void for vagueness and that imposing an enhanced sentence under the residual clause violates due process.

**Analysis**

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction Motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A Habeas Corpus Petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 Petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by Motion under § 2255, or where he did assert his claim in an earlier Motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Petitioner argues the merits of why he should be granted relief from his sentence under *Johnson*, but does not explain why his remedy under § 2255 would be ineffective. Indeed, he filed a § 2255 Motion and voluntarily dismissed it, without giving the Court time to rule on its merits.

This Court cannot conclude that his remedy under § 2255 is ineffective. He cannot proceed under § 2241.

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/Donald C. Nugent  
      DONALD C. NUGENT  
      UNITED STATES DISTRICT JUDGE

Dated: __July 18, 2017___